K. BORSON, *et al.*, v. J. S. LISENBY, Liquidator Bank of Crescent City, *et al.*

156 So. 10.
Opinion Filed April 4, 1934.
Petition for Rehearing Granted April 24, 1934.
Opinion on Rehearing Filed June 19, 1934.
Petition for Rehearing Denied July 31, 1934.

334

*Hilburn & Merryday* and *Thomas B. Dowda,* for Appellants;

*P. L. Gaskins, Kay, Adams, Ragland & Kurz, Edith M. James* and *Julian C. Calhoun,* for Appellees.

PER CURIAM.—Appeal here is to review two interlocutory orders made after the entry of final decree. The appeal brings for review only those two orders.

To reverse the decree we must hold that it is made clearly to appear that the chancellor abused judicial discretion in making and entering orders and decrees complained of and as we cannot reach such conclusion, the decree should be and the same is hereby affirmed. So ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

## ON REHEARING.

BUFORD, J.—This case is before us for consideration after oral argument presented pursuant to rehearing granted after an order of affirmance was filed herein on April 4, 1934.

The appeal is from two orders made and entered after final decree. The first order was made December 13, 1932, and was as follows:

"This cause having come on to be heard upon the original and supplemental motions and objections of K. Borson, DanElla Borson, C. H. Preston, Annie N. Preston, R. C. Middleton, Edgar McGrady, Sam Varnes, V. I. Carrier, J. E. Carrier, R. L. Smith, Anna Smith, J. B. Shiver, Fred Anderson and W. H. Fuller and the Town of Crescent City, a municipal corporation existing in Putnam County, Florida, as stockholders and depositors of and in the Bank of Crescent City, a defunct State banking corporation of which plaintiff, J. S. Lisenby, is liquidator, said cause having been brought by the said Lisenby in such capacity, together with the affidavits in support of the original motion or objections, and after argument of counsel, the court being of the opinion that the amount bid for the property mentioned in the decree of foreclosure and sale herein is inadequate, and the matters and things set forth in the supplemental motion constituted a 'chilling' of the sale, the truth of said supplemental motion having been substantially admitted in arguments before the court on the original motion or objections, it is, upon consideration thereof,

"ORDERED, ADJUDGED AND DECREED That the sale of the mortgaged premises made by the special master in chancery herein to the respective purchasers mentioned in said master's report of sale, shall be set aside for nothing holden, if the objecting parties, with the exception of the Town of Crescent City, or someone in their behalf as Trustee for them, or otherwise, shall, on or before the 15th day of December, A. D. 1932, deposit with the Clerk of this Court the sum of $2,000.00 and with it a paper writing or stipulation agreeing that upon a resale of the said mortgaged premises, the same will produce such sum as will, upon the day of the delivery of the deed, yield to plaintiff the full amount of said mortgage debt, and all costs of this suit,

including the costs of the sale heretofore made; and in default of producing such amount, said amount so deposited stand forfeited to plaintiff, to such extent as the amount produced at such sale shall fall short of producing the full amount of said mortgage debt, and all costs of this suit, including costs of sale heretofore made.

"And it is further ORDERED that upon the deposit of such money and the filing of such stipulation, the special master in chancery heretofore appointed to make sale of the mortgaged premises, do proceed to readvertise the mortgaged premises for sale, to satisfy plaintiff's mortgage debt, with interest and costs of previous advertisement; and in relation to such readvertisement and further proceedings for sale under the decree heretofore made herein, said master is authorized to act on the instructions of said objecting parties, or the person in their behalf as trustee for them, or otherwise, depositing said moneys and entering into said stipulation, insofar as the same may seem proper and judicious to him, the said master; provided, however, that said readvertisement shall begin not later than in proper time for sale on the Rule Day in March, A. D. 1933 (unless in the meantime this order be superseded).

"It is further ORDERED that in making such sale, said master in chancery sell said property in parcels as heretofore directed.

"It is further ORDERED that in case the objecting parties aforesaid, or someone in their behalf as trustee or otherwise, shall fail to make the deposit aforesaid on or before the 15th day of December, A. D. 1932, the several objections to the confirmation of said sale, be jointly and severally overruled and denied, and the sale already made by the special master herein stand ratified and confirmed as valid and effectual in law.

"DONE AND ORDERED In Chambers at Bunnell, within said Circuit, this 13th day of December, A. D. 1932."

On December 14th the following stipulation was filed in the Clerk's office where the cause was pending:

"STATE OF FLORIDA,
"COUNTY OF PUTNAM.

"KNOW ALL MEN BY THESE PRESENTS, That I, K. Borson, as Trustee for and in behalf of K. Borson, Dan Ella Borson, C. H. Preston, Annie N. Preston, R. C. Middleton, Edgar McGrady, Sam Varnes, V. I. Carrier, J. E. Carrier, R. L. Smith, Anna Smith, J. B. Shiver, Fred Anderson and W. H. Fuller, am held and firmly bound unto J. S. Lisenby as liquidator of Bank of Crescent City, a banking corporation, in the sum of $2,000.00, lawful money of the United States of America (herewith deposited in the registry of this court), to be paid to the said obligee or his successors in office, for which payment well and truly to be made I bind myself, my heirs and legal representatives, jointly and severally, firmly by these presents.

"Sealed with my seal the 14th day of December, A. D. 1932.

"*Whereas:* Among other things it was, on December 13th, 1932, ordered, adjudged and decreed by the court in that certain cause pending in the Circuit Court of Florida, Twenty-fifth Judicial Circuit, in Chancery, wherein J. S. Lisenby, as liquidator of Bank of Crescent City, a banking corporation, is plaintiff, and Marion S. Bradley, *et al.,* are defendants, that the sale of the mortgaged premises made by the special master in chancery in said cause to the respective purchasers mentioned in the master's report of sale before that time filed, should be set aside for nothing holden, if the parties objecting to the confirmation of said sale,

to-wit: K. Borson, Dan Ella Borson, C. H. Preston, Annie N. Preston, R. C. Middleton, Edgar McGrady, Sam Varnes, V. I. Carrier, J. E. Carrier, R. L. Smith, Anna Smith, J. B. Shiver, Fred Anderson and W. H. Fuller, with the exception of the Town of Crescent City, or someone in their behalf as trustee or otherwise, should, on or before the 15th day of December, A. D. 1932, deposit with the Clerk of said Court the sum of $2,000.00, and with it a paper writing or stipulation agreeing that on a resale of the said mortgaged premises that the same would produce such sum as would upon the day of the delivery of the deed yield to the said plaintiff, J. S. Lisenby, as liquidator of the Bank of Crescent City, the full amount of the mortgage debt mentioned in said suit, and all costs of such suit, including the costs of the sale theretofore made, and in default of producing such amount that said amount so deposited should be forfeited to the said plaintiff to such extent as the amount produced at such sale should fall short of producing the full amount of said mortgage debt and all costs of such suit, including costs of sale theretofore made; and

"*Whereas:* The said K. Borson has been designated and appointed trustee for said objecting parties, and desires to comply with the terms of said order, as trustee for said parties, with the exception of the Town of Crescent City, and in their behalf as trustee for them:

"Now the Condition of this obligation is such that if on the said resale of the said mortgaged premises, the same shall fail to produce such sum as will, on the day of the delivery of the deed, yield to the plaintiff, J. S. Lisenby, as liquidator aforesaid, the full amount of said mortgage debt and all costs of said suit, including the costs of the sale heretofore made, then said $2,000.00 deposited herewith shall stand forfeited to the said plaintiff to such extent as

the amount produced at such sale shall fall short of producing the full amount of said mortgage debt, and all costs of this suit, including costs of the sale heretofore made.

"AND It is stipulated that the amount of damages accruing under this instrument shall be ascertained as the court in said cause shall direct, but it is the intent of this instrument that the trustee aforesaid signing the same shall not in anywise be personally liable hereunder, nor shall the liability hereunder exceed the cash sum of $2,000.00 herewith deposited in the registry of the court.

"K. BORSON,

"As Trustee for K. Borson, Dan Ella Borson, C. H. Preston, Annie N. Preston, R. C. Middleton, Edgar McGrady, Sam Varnes, V. I. Carrier, J. E. Carrier, R. L. Smith, Anna Smith, J. B. Shiver, Fred Anderson and W. H. Fuller.

"I, W. A. WILLIAMS, JR., Clerk of the Circuit Court of Putnam County, do certify that I have received from K. Borson, as Trustee for K. Borson, Dan Ella Borson, C. H. Preston, Annie N. Preston, R. C. Middleton, Edgar McGrady, Sam Varnes, V. I. Carrier, J. E. Carrier, R. L. Smith, Anna Smith, J. B. Shiver, Fred Anderson and W. H. Fuller, the sum of $2,000.00 in money deposited with me in accordance with and under the terms and conditions of the foregoing paper writing.

"GIVEN Under my hand and seal of my office this 14th day of December, A. D. 1932.

"W. A. WILLIAMS, JR.,

"As Clerk of the Circuit Court of Putnam County, Florida.

"By ------------------------------, D. C."

The record shows the following certificate by the Clerk filed on December 16th:

"STATE OF FLORIDA,
"COUNTY OF PUTNAM.

"I, W. A. WILLIAMS, JR., Clerk of the Circuit Court of Putnam County, Florida, hereby certify as follows:

"That on December 14, 1932, between three and four o'clock in the afternoon, Thos. B. Dowda, one of the solicitors of record for K. Borson, *et al.,* the parties objecting to the confirmation of the sale in the above entitled cause, telephoned me at my office in the Court House in Palatka, Putnam County, Florida, stating that he desired to see me shortly.

"In about thirty minutes I telephoned the said Thos. B. Dowda that I was leaving the office for the remainder of the afternoon, and he inquired if I would be in the office the following day, December 15, 1932, and I stated that I would. I then left my office, and was gone for the remainder of the afternoon. of December 14; however, I did not return to my office at any time during the day of December 15, and did not return until during the morning of December 16, 1932.

"I further certify that I find that late in the afternoon of December 14, 1932, the annexed stipulation or bond, was delivered to my file clerk; also there was delivered to said file clerk an original deposit slip issued by the Putnam National Bank of Palatka, showing that there had been deposited to my account as clerk, for the stockholders and depositors of the Bank of Crescent City, the sum of $2,000 in money; that said file clerk was instructed to file said stipulation, and forthwith present the same to me on the morning of December 15, 1932, together with said original

deposit slip showing the deposit of said moneys, with instructions that said deposit slip should not be shown or given to anyone other than myself until the same had my approval; and that said stipulation and said original deposit slip remained in my office in the possession and custody of my file clerk from said afternoon of December 14, 1932, until the morning of December 16, 1932, when said stipulation and said deposit slip were presented to me by said file clerk for filing endorsement, and for execution of the receipt showing payment of the said sum of $2,000.

"I further certify that the Putnam National Bank of Palatka is the depository where I deposit all funds coming into my hands as Clerk of the Circuit Court. I further certify that at said time, to-wit, on the morning of December 16, 1932, when said stipulation was presented to me for filing and signing, Richard W. Erwin, Jr., Esquire, associated with or employed by Julian C. Calhoun, Esquire, solicitor of record for the plaintiff herein, requested that I decline to sign said instrument, stating that exception might be taken to such action by the plaintiff (or whoever he represented) and that shortly thereafter I was called upstairs in the Court House to the office of the said Julian C. Calhoun, and asked to produce said stipulation and deposit slip showing the deposit of said sum of $2,000. When I arrived in said office I found there the said Julian C. Calhoun, Richard W. Erwin, Jr., H. C. Richard, one of the bidders at the sale of the mortgaged premises, J. H. Millican, Jr., the special master in chancery in said cause, and J. S. Lisenby, the plaintiff; that then and there the said Julian C. Calhoun and Richard W. Erwin, Jr., insisted that said stipulation and said deposit slip showing the deposit of said sum of $2,000, were not a compliance with the order of this Court made herein on December 13, 1932, in that

said moneys referred to in said stipulation and said deposit slip had not been physically deposited with me in accordance with the terms of said order, in currency, or its equivalent; and, thereupon, in the fact of said objections, I declined to either endorse my file mark on said paper, or receipt for said moneys, until directed by the court. I was then and there tendered, by one of the persons then present, the deed of the special master in chancery to H. C. Richard, and directed to file and record the same, which said deed I accepted, and have entered upon the registry of deeds.

"I further certify that the file clerk to whom said papers and said deposit slip were delivered, was not authorized to endorse my name on any papers as a deputy clerk, but was authorized to physically receive in my office any papers pertaining to any cause or proceeding in the Circuit Court of Putnam County, Florida, and to enter the same on the docket, and in this instance did enter said stipulation upon the progress docket of the case, giving said paper the appropriate number, and otherwise preparing the same for my signature with reference to filing, as is the custom in my office with rule day papers, and any other papers for filing.

"I further certify that my instructions to my deputies and employees are, in matters involving the handling of money and approval of bonds, to always secure my approval and instructions before taking any action in these matters.

"I further certify that I personally have no objection to the manner in which said money was deposited, and had I been in my office on December 15, 1932, I would have filed said paper and approved said transaction in its entirety, and accepted said money as deposited, and said deposit slip (after verifying the genuineness thereof, as I have done in this instance, finding that said moneys were deposited on December 14), and accepted the same as a compliance with

the terms of the order of this court dated December 13, 1932; and had said money been tendered to me in gold coin of the United States of America, I would have made the deposit in the manner in which it was made in The Putnam National Bank of Palatka, in my account as clerk, to be held in accordance with the terms of the court's order dated December 13, 1932.

"I further certify that I find that it is the custom of The Putnam National Bank of Palatka, where deposits are made after three o'clock in the afternoon, to enter such deposits as having been made on the day following, which accounts for the deposit slip showing the date of December 15, 1932, instead of December 14, 1932.

"I further certify that I decline to take any further action in the premises until directed by the court, and respectfully request the court's instructions in the premises.

"In Witness Whereof, I have hereunto set my hand and official seal, this 16th day of December, A. D. 1932.

"W. A. Williams, Jr.,

"Clerk Circuit Court, Putnam County, Florida."

"Official Seal."

The deposit slip referred to appears to have been in the following language:

"The Putnam National Bank, Palatka, Florida.

"W. A. Williams, Jr., Clk., 'Special A/C' for stockholders & Depositors Bank of Crescent City, 12/15/32.

| | |
|---|---:|
| K. Borson | $1,000.00 |
| K. Borson | 600.00 |
| R. C. Middleton | 200.00 |
| J. B. Shiver | 200.00 |
| "Total | $2,000.00 |

"Not Negotiable. Triplicate deposit slip.
"Received by Wright."

The record shows that the Clerk of the Circuit Court was! not in his office on December 15 and that there was no one in his office authorized to act in his behalf either as to the receipt of money or certificate of deposit. The Clerk testified as follows:

"Q. Mr. Williams, you say in the certificate that had you been in your office on the 15th of December you would have accepted the deposit and filed and endorsed the receipt on the stipulation to it.

"A. After having verified the genuineness of the fact that the money represented by the deposit slip was actually deposited to our account, yes.

"Q. Do you mean by that, that after you ascertained that the money evidenced by the deposit as indicated by the deposit slip had been actually deposited.

"A. I mean by that answer that if the bank's records showed to my credit as Clerk of the Circuit Court the credit of $2,000 for this purpose, I would have then approved and signed the receipt, after further preliminaries.

"Questions by Mr. Calhoun: I would like to ask the witness what he means by further preliminaries.

"A. I mean actually security that would sell for $2,000 plus.

"Questions by Mr. Merryday:

"Q. In other words, you mean that on the 15th of December, had you been in your office, you would have either gotten security for this deposit that you mention, or you would have withdrawn the cash from the bank?

"A. That is correct."

Now, this shows that if the Clerk had been in his office on the 15th day of December, the order of the Court would have been fully complied with.

The record further shows that on the 14th day of December counsel for appellants was advised by the Clerk that he would be in his office on the 15th day of December and that it was not necessary to close the matter on December 14th.

The Order above referred to was rather harsh in its terms, but it was less harsh than the terms which the appellants had proposed to comply with in making application for the Order.

The second Order appealed from was made on January 21, 1933, and is in the following language:

"This· Cause coming on to be further heard upon application of parties represented by Hilburn & Merryday and Thos. B. Dowda, as their solicitors, for orders directing the Clerk to file *nunc pro tunc* certain stipulation of K. Borson, trustee, and receipt for $2,000, and the special master in this cause to forthwith readvertise and sell the mortgaged premises described in the final decree; and the court having before it all the interested parties, or all of them having been duly notified, and the court having carefully considered all the facts surrounding the matters raised by said application, it finds the equities against the parties filing such application, and deems that no substantial compliance was made of that certain order of this court heretofore made and entered December 13, 1932, and it is therefore

"CONSIDERED, ORDERED AND DECREED That said application and each of them be and the same are hereby denied, and it is

"FURTHER ORDERED That said sale of the mortgaged premises was duly confirmed under the order of this court entered December 13, 1932, the objecting parties having failed to comply therewith, and the court hereby recognizes

the sale of the mortgaged premises as having been duly confirmed.

"DONE AND ORDERED This 21st day of January, A. D. 1933, at St. Augustine, Florida.

"GEORGE WM. JACKSON,
"Judge."

After careful consideration of the matters and things disclosed by the record, we think that the order of the court made and entered on December 13, 1932, was substantially complied with. There is no showing in the record that there was any change in the status of the parties or the depository between the time that the deposit was made in the bank on December 14, 1932, and January 21, 1933, when the Order was made denying the petition of the appellants for Orders directing the Clerk to file *nunc pro tunc* the stipulation above referred to and receipt for the $2,000.00, and that the property be readvertised and sold under the final decree. So far as the record shows, the Clerk could have then done exactly what he said he would have done had he been in his office on December 15, 1932, by either taking security satisfactory to him or withdrawing the $2,000.00 from the bank in which it was deposited. It appears that counsel for the appellants had done everything which they reasonably could do to comply with the Order of the Court and that the funds were there from the 15th day of December, 1932, up until January 21, 1933, available to the Clerk of the Circuit Court, who had full knowledge of the deposit and the conditions thereof and that he was precluded or persuaded by counsel for the appellees that because of the fact that the Order of the Court had not been fully and technically complied with on or before December 15, 1932, that he should not proceed to withdraw the funds from the bank or to secure the payment to him

by the bank of funds, and that by the deposit of the funds in the bank by counsel for the appellants they had placed the funds where they were beyond their own control and under the control of the Clerk of the Circuit Court.

For these reasons, we think the learned chancellor abused his discretion in making the order of January 21, 1933, above quoted.

For the reasons stated, that order is reversed, with directions that an order be entered setting aside the former sale and setting aside the Order of Confirmation and ordering a resale of the property under the final decree of foreclosure.

Statements which appear in the briefs of counsel that tend to reflect upon the charcter, standing and conduct of opposing counsel are out of place and will be regarded as stricken. There is nothing in the present record to sustain a charge of misconduct on the part of any of the counsel who were engaged in the handling of the controversy for any of the parties. If statements to the contrary are to be found in any of the briefs, such statements, being violative of this Court's rules which require briefs to be founded wholly upon the points of law intended to be argued, have been disregarded and are to be considered as stricken.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.